IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-9-BO

THEODORE ROOSEVELT HUDSON,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        O R D E R
                                    )
ANDREW SAUL,                        )
*Commissioner of Social Security*,  )
                                    )
            Defendant.              )

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 19] and defendant's motion for judgment on the pleadings [DE 25]. A hearing was held on the motions before the undersigned on June 17, 2021, at Edenton, North Carolina. For the reasons that follow, plaintiff's motion is granted, and this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff filed an application for a period of disability and disability insurance benefits on February 11, 2016, alleging a disability onset date of January 1, 2011. Plaintiff later amended his alleged onset of disability date to January 1, 2014. After initial denials, an administrative law judge (ALJ) held a hearing on November 14, 2018, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the

Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 1, 2014. The ALJ found that plaintiff's migraine headaches were a severe impairment at step two, but that his impairments did not meet or equal a Listing. The ALJ also found that plaintiff's irritable bowel syndrome, post-traumatic stress disorder, and attention deficit disorder and attention hyperactivity disorder were non-severe impediments. The ALJ determined that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with some non-exertional limitations and at steps four and five found that plaintiff was able to perform past relevant work as a corrections officer and fast food worker.

Upon review of the record and decision, the Court concludes that remand is appropriate because the ALJ failed to evaluate and assign appropriate weight to medical opinions in the case. The ALJ must carefully weigh the opinions of the medical sources on file through considering

several factors, including length of the treatment relationship, supportability, consistency, and specialization. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ must consider all medical opinion given in the case, assess the weight given to each opinion, and explain any conflict between a medical opinion and the ALJ's RFC. *Id.* at § 404.1527(b). Furthermore, under the treating physician rule, "the opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020) (quoting *Coffman v. Bowen*, 829 F.2d 514, 417 (4th Cir. 1987)). A treating physician's opinion is controlling "unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record." *Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The treating physician rule is applicable to cases filed before March 27, 2017. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F. 3d 251, 255 (4th Cir. 2017).

Dr. Neil Pugach, the treating physician, diagnosed and treated plaintiff for chronic posttraumatic migrainous headaches from August 15, 2012 to May 9, 2018. Dr. Pugach noted fatigue, irritable bowel syndrome and memory loss. The ALJ gave no weight to Dr. Pugach's opinion regarding the side effects of erectile dysfunction from medications treating posttraumatic headaches. Dr. Williams C. Bowens, a psychiatrist and neurologist who was also a treating physician, diagnosed plaintiff with posttraumatic stress syndrome, attention deficit, and traumatic brain injury and treated him from at least December 4, 2014 to July 17, 2018. Dr. Bowen noted that plaintiff had difficulties focusing, concentrating, as well as inability to complete tasks or accomplish objectives and goals. However, the ALJ omitted any discussion regarding the weight

4

assigned to Dr. Bowen's opinions. The ALJ found that plaintiff has multiple non-exertional limitations, but the ALJ does not address plaintiff's ability to perform the mental activities required by the RFC. Based on the full medical evidence, it is clear that the ALJ failed to adequately account for plaintiff's memory loss, inability to focus and concentrate, difficulty in completing tasks, fatigue, frequent bathroom visits, and difficulty being around others.

The Court in its discretion finds that remand is appropriate. Remand is appropriate where, as in this case, an ALJ fails to discuss relevant evidence that weighs against the decision and fails to properly weigh medical opinions. This case is remanded so that the ALJ can give careful consideration to plaintiff's non-exertional limits and the availability of jobs in the economy under step five.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 25] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this __7__ day of July, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE